[Cite as *State v. Rucker*, 2011-Ohio-5007.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

    Appellee

v.

DEWITT RUCKER

    Appellant

C.A. No.     25657

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 2009-01-0047C

DECISION AND JOURNAL ENTRY

Dated: September 30, 2011

DICKINSON, Judge.

**INTRODUCTION**

{¶1} A jury convicted DeWitt Rucker of possession of crack cocaine, possession of cocaine, trafficking in cocaine, having weapons under disability, and possessing criminal tools. In addition, the judge who presided over his trial found him guilty of a minor misdemeanor charge of possession of marijuana. Mr. Rucker appealed, and this Court affirmed his convictions. He filed a petition for postconviction relief in the trial court 306 days after the transcript of proceedings was filed in his direct appeal. The trial court dismissed his petition as untimely.

{¶2} Mr. Rucker has appealed, arguing that the trial court failed to review the transcript of proceedings before it dismissed his petition for postconviction relief and that the trial court incorrectly determined that he was not unavoidably prevented from discovering the facts underlying his petition. We affirm because the trial court was not required to review the trial

transcript and Mr. Rucker did not demonstrate that his petition was based on facts that could not have been discovered within the time period allowed for filing his petition.

### UNTIMELY PETITION

{¶3} Mr. Rucker's first assignment of error is that the trial court incorrectly failed to review the trial transcript before denying his petition as untimely. Specifically, Mr. Rucker has argued that Section 2953.21(C) of the Ohio Revised Code required the trial court to consider "all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript."

{¶4} The problem with Mr. Rucker's argument is that he has taken Section 2953.21(C) of the Ohio Revised Code out of context. The language upon which Mr. Rucker relies describes what a trial court is required to consider when it decides whether there are substantive grounds for relief stated in a timely petition. *Id*. If a trial court decides that a petition is untimely and that there were no grounds for filing it late, the trial court does not have to make the determination described in Section 2953.21(C). In this case, the trial court decided that Mr. Rucker's petition was untimely, so Section 2953.21(C) of the Ohio Revised Code did not apply. Mr. Rucker's first assignment of error is overruled.

{¶5} His second assignment of error is that the trial court incorrectly determined that the evidence upon which his petition was based was either known at the time of trial or could have been discovered then. Under Section 2953.23(A)(1) of the Ohio Revised Code, a trial court cannot consider an untimely petition for postconviction relief unless the petitioner demonstrates "that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or . . . the United States Supreme Court

recognized a new federal or state right that applies retroactively to persons in the petitioner's situation[.]" Mr. Rucker supported his petition with the affidavit of Marvin Shepard, a fellow inmate, and two affidavits from Everitt Whitfield, a witness who testified during his trial but who now claims that he lied. According to Mr. Rucker's petition, he "was certainly unavoidably prevented from discovering" this fact, but he did not explain how he was unavoidably prevented from doing so until now. See generally *State v. Cool*, 9th Dist. No. 24518, 2009-Ohio-4333, at ¶13. In fact, one of Mr. Whitfield's affidavits is dated well within the time limit for filing a petition for postconviction relief. Mr. Rucker's second assignment of error is overruled.

## CONCLUSION

{¶6} Section 2953.21(C) of the Ohio Revised Code did not require the trial court to consider the trial transcripts before it decided whether Mr. Rucker had cause for filing an untimely petition for postconviction relief, and Mr. Rucker did not demonstrate how he was unavoidably prevented from discovering the facts supporting his petition. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CLAIR E. DICKINSON
FOR THE COURT

WHITMORE, P.J.
MOORE, J.
CONCUR

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.